# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE WILLIAMS,<br><br>            Petitioner,<br><br>     v.<br><br>DANIEL RENTERIA,<br><br>            Respondent.<br>_____/ | 1:07-CV-00031 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

Petitioner filed the instant petition for writ of habeas corpus on January 8, 2007. Petitioner raises several different challenges to his parole revocation hearing on March 22, 2006, resulting in a violation of his federal constitutional rights.

Respondent filed a motion to dismiss arguing that the instant petition is moot because he was released on parole after serving the revocation period. Petitioner filed an opposition on July 25, 2007.

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on mootness. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246,

1  92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227,
2  240-241, 57 S.Ct. 461, 463-464 (1937).  When a prisoner is released from custody, any habeas
3  petition challenging continued incarceration becomes moot. <u>Fender v. U.S. Bureau of Prisons</u>,
4  846 F.2d 550, 555 (9th Cir.1988).

5      In <u>Burnett v. Lampert</u>, 432 F.3d 996, 999-1001 (9th Cir. 2005), the Ninth Circuit held that
6  where a petitioner is challenging the deferral of his consideration for parole and is seeking
7  release, the federal habeas petition is moot when he is released on parole regardless of whether
8  he is returned to custody on a parole violation.  <u>See</u> <u>also</u> <u>Cox v. McCarthy</u>, 829 F.2d 800, 803 (9th
9  Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating
10 parole which has already been served).

11     Respondent argues and submits evidence that Petitioner completed his parole revocation
12 period and was released on parole on January 19, 2007. (Exhibit 1, attached to Motion.)  On
13 January 23, 2007, Petitioner reported to the parole office and admitted to using drugs. (Charge
14 Sheet, un-enumerated exhibit attached to Opposition**.**)   On March 13, 2007, Petitioner's parole
15 was again suspended and on May 8, 2007, a warrant for his arrest was issued.  (Exhibit 1,
16 attached to Motion.)

17     In his opposition, Petitioner contends that the instant petition is not moot because he is
18 still subjected to revocation of parole pursuant to California Penal Code section 3057.  Petitioner
19 contends that he "accepted (9) months ineligible on parole revocation in order to avoid denial of
20 rights to a fair hearing.  Petitioner still has until August 2,2 2008 before he discharges parole."
21 (Opposition, at p.5.)

22     Although Petitioner is currently serving a new parole violation, the instant petition
23 challenges only the revocation hearing conducted on March 22, 2006.  Petitioner was sentenced
24 to serve a twelve month sentence following the revocation of parole on March 22, 2006, which
25 expired on January 19, 2007.  (Exhibit 1, attached to Motion.)  The instant petition challenges
26 that revocation hearing only.  Because Petitioner has completed the term of incarceration, the
27 Court cannot provide habeas corpus relief, and the instant petition is moot.

28     The presumption of collateral consequences that is applied to criminal convictions does

not extend to parole revocations.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 13 (1998).  Therefore, in order to challenge the revocation of parole, petitioner must demonstrate that continuing collateral consequences exist if the term imposed for violating parole has already been served.  <u>Cox v. McCarthy</u>, 829 F.2d at 803 (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served).  In <u>Spencer</u>, the Court rejected the claims of detriment in a future parole or sentencing proceeding, impeachment in a future criminal or civil proceeding, or use against him should he be subjected to future criminal proceedings, as proof of collateral consequences.  <u>See</u> <u>Spencer</u>, 523 U.S. at 14-16.

       Petitioner's claim that the March 22, 2006, parole revocation was used to enhance the recent parole violation, resulting in a collateral consequence is not persuasive.  First, as Petitioner concedes he accepted the nine month parole violation sentence. (Opposition, at p.6.)  Second, the Summary of Revocation Hearing and Decision of July 13, 2007, does not support Petitioner's contention. (Summary of Revocation Hearing and Decision, un-enumerated attachment to Opposition, at p.2.)   It is merely noted that there was probable cause to support the seven charges of (1) absconding parole supervision; (2) use of cocaine; (3) robbery (no weapon); (4) false identified to a police officer; (5) possession of drug paraphernalia (related to drug use); (6) possession of cocaine for sale; and (7) failure to register per H & S 11590.  (<u>Id</u>.)  Pursuant to California Penal Code section 3057, a parolee may be subjected to a parole revocation period of up to 12 months.  Cal. Penal Code § 3057(a).  Additionally, that period of confinement may be increased by an additional 12 months for misconduct committed by a parolee while confined pursuant to an initial parole revocation.  <u>See</u> Cal. Penal Code § 3057(c).  Accordingly, Petitioner's claim is without merit.

<u>RECOMMENDATION</u>

    Based on the foregoing, it is HEREBY RECOMMENDED that:

    1.    Respondent's motion to dismiss the instant petition as MOOT be granted; and

    2.    The Clerk of Court be directed to terminate this action.

    This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2007**            **/s/ Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE